IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE MEHNER FAMILY TRUST, ) <br> a Nebraska Revocable Trust, RAYMOND ) <br> H. MEHNER, BARBARA A. MEHNER, ) <br> MARK A.MEHNER, ANDREA ) <br> L. MEHNER, ANTHONY Q. MEHNER ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, SECRET SERVICE, ) <br> CITY OF OMAHA, OMAHA POLICE ) <br> DEPARTMENT, DOUGLAS COUNTY ) <br> SHERIFFS OFFICE, U.S. ATTORNEY'S ) <br> OFFICE, JOHN GUTSMIEDL, ) <br> MATTHEW LOUX, JOE STECHER, ) <br> JAN SHARP, MICHAEL ) <br> WELLMAN, NANCY SVOBODA, ) <br> THOMAS WARREN, TIMOTHY ) <br> DUNNING, DEAN MILLER, ) <br> individually and in their ) <br> official capacity, jointly and severally ) <br> AND JANE and/or JOHN ) <br> DOES 1-50, individually and in their ) <br> Official capacity, jointly and severally ) <br> ) <br> Defendants. ) | Case No. _____ <br><br><br><br><br><br><br><br><br><br><br><br><br> COMPLAINT AND <br> JURY DEMAND |

COME NOW, Plaintiffs, The Mehner Family Trust, Raymond H. and Barbara A.

Mehner, Mark A. and Andrea L. Mehner, and Anthony Q. Mehner by and through their

Attorney of Record, Christopher Pfanstiel, and by way of Complaint against Defendants,

known and unknown, state and allege as follows:

**I.**

**JURISDICTION**

1.     This civil action, brought under 42 U.S.C. §1983, in which Plaintiffs seek damages, among other things, for violation of their rights to be free from warrantless search and seizure of personal property in violation of the Plaintiffs' Fourth Amendment rights.

2.     This Court has jurisdiction over the claims of the Plaintiffs pursuant to 28 U.S.C. §1331.

## II.

## VENUE

3.     That venue is proper pursuant to 28 U.S.C. § 1391.

## III.

## PARTIES

4.     Plaintiff Mehner Family Trust is a Nebraska trust established by Trust Agreement dated October 3, 2005 between Raymond Mehner as Settlor (Trustmaker), Trustor, Trustee; Barbara Mehner as Sucessor Trustee; Anthony Q. and Danielle N. Mehner as Successor Death Trustee, and; Mark A. Mehner as attorney-in-fact. The Trust owns residential property located at 1201 N. 138th Circle, Omaha, NE 68154 ("Trust Property").

5.     Plaintiff Raymond H. Mehner is an 85 year old man, who was and still is, the Trustor (Trustmker), Trustee of the Trust during all relevant times of this action a citizen of the United States of America and a beneficiary of Trust Property located in Douglas County, Nebraska.

6.     Plaintiff Barbara A. Mehner is an 83 year old woman, who was and still is, the Successor Trustee of the Trust during all relevant times of this action a citizen of the

United States of America and a beneficiary of Trust property located in Douglas County, Nebraska. She is Raymond's wife.

7.     Plaintiff Anthony Q. Mehner is a 24 year old man, who was and still is, the Successsor Death Trustee of the Trust during all relevant times of this action a citizen of the United States of America, a beneficiary of Trust Property located in Douglas County, Nebraska and a resident of Douglas County, Nebraska. He is Raymond and Barbara's grandson, Mark and Andrea's son.

8.     Andrea L. Mehner, mother of Anthony, daughter in law of Raymond and Barbara Mehner, was at all times relevant to this complaint a citizen of the United States of America and a resident of Douglas County Nebraska.

9.     Mark A. Mehner, father of Anthony, son of Raymond and Barbara Mehner, was at all times relevant to this complaint a citizen of the United States of America and a resident of Douglas County Nebraska.

## DEFENDANTS

10.     Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the policies, practices and/or customs complained of herein, and/or condoned, conspired, acquiesced in adopted, and/or approved of the same, through their acts and/or failures to act.

11.     Each individual defendant is sued in her or his individual and official capacities unless otherwise noted.

12.     Upon information and belief, DEFENDANTS JOHN AND JANE DOES 1 THROUGH 50 (herein "DOE DEFENDANTS") are individuals whose names and

addresses are presently unknown. The fictitious names are placeholders in this complaint.

## FEDERAL DEFENDANTS

13.     The Department of Homeland Security (DHS), commonly known in the United States as "Homeland Security", is a Cabinet department of the U.S. federal government with the responsibility of protecting the territory of the U.S. from terrorist attacks and responding to natural disasters. In March 2003, the U.S. Secret Service was transferred from the Department of the Treasury to the Department of Homeland Security as a "distinct" entity pursuant to The Homeland Security Act of 2002 (P.L. 107-296).

14.     At all times complained of herein, defendant JOHN GUTSMIEDL and Unknown Number of Unnamed (DOES) were, upon information and belief, at all times relevant herein, were supervisors with the United States Secret Service and was acting officially and individually within the scope of their duties and employment, under color and authority of state and federal law, and in their official capacities as a United States Homeland Security employee.

15.     At all pertinent times mentioned herein, Defendant D. MATTHEW LOUX (LOUX) and Unknown Number of Unnamed (DOES) were, upon information and belief, at all times relevant herein, was employed as a Secret Service Special Agent and was acting officially and individually within the scope of their duties and employment, under color and authority of state and federal law, and in their official capacities as a United States Homeland Security employees. Defendant LOUX is being sued in his official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

16. At all times complained herein, defendant JOE STECHER was the UNITED STATES ATTORNEY FOR THE DISTRICT OF NEBRASKA. Defendant STECHER is being sued in his official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

17. At all times complained herein, defendant JAN W. SHARP was the Assistant U.S. Attorney Chief, Criminal Division for the District of Nebraska. Defendant SHARP is being sued in his official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

18. At all times complained herein, defendant MICHAEL WELLMAN was an Assistant U.S. Attorney for the District of Nebraska. Defendant WELLMAN is being sued in his official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

19. At all times complained herein, defendant NANCY SVOBODA was an Assistant U. S. Attorney for the District of Nebraska. Defendant SVOBODA is being sued in her official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

20. At all times complained herein, defendants UNKNOWN NUMBER of UNNAMED UNITED STATES ATTORNEYS (or employees) (DOES) were employed by the U.S. Attorney for the District of Nebraska. Defendant DOES is being sued in his/her official and individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

21. The Department of Justice ("DOJ") is an agency of the Executive Branch of the government of the United States of America which acts as its agent, *inter alia*, in

the enforcement of the law and to defend the interests of the United States according to

the law; to ensure public safety against threats foreign and domestic; to provide federal

leadership in preventing and controlling crime; to seek just punishment for those guilty of

unlawful behavior; and to ensure fair and impartial administration of justice for all

Americans.

22.     At all times complained of herein, defendant STECHER was acting U.S.

Attorney duly appointed by the President of the United States of America, George

Walker Bush, and an officer, servant, employee, and agent of the President acting under

color of Federal law in the course and scope of his employment and duties and functions

as such and was acting for, and on behalf of, and with the power vested in him by the

President.

23.     Defendants, SHARP, WELLMAN, SVOBODA and Unknown Number of

Unnamed U.S. Attorneys (DOES) were at all time relevant to this Complaint duly acting

as U.S. Attorneys, acting under color or law, to wit, under color of statutes, ordinances,

regulations, policies, customs and usages of the United States Attorneys Office or DOJ.

24.     The actions described herein were performed by various officials of the

Federal Defendants pursuant to practices, customs, or standard operating procedures of

the DOJ, DHS, Secret Service or were performed by or directed by those Federal officials

pursuant to practices, customs, or standard operating procedures of either the DOJ or

Secret Service, or were performed by or directed by those officials of the DOJ or Secret

Service possessing final authority with respect to the direction of criminal investigations

and/or warrantless search and seizure procedures, and consequently those Federal

officials are subject to liability herein pursuant to the Civil Rights Act, Title 42 of the United States Code, Section 1983.

## STATE DEFENDANTS

25.     Defendant THOMAS WARREN was, upon information and belief, at all times relevant herein, Chief of Police of the Omaha Police Department. Defendant WARREN is being sued in his individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

26.     Defendant Omaha Police Detective DEAN MILLER was, upon information and belief, at all times relevant herein, a detective of the Omaha Police Department and a member of the Task Force. Defendant MILLER is being sued in his individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

27.     At all times hereinafter mentioned, Defendant, the City of Omaha (herein "CITY"), was a municipal corporation (political subdivision of the State of Nebraska, a Nebraska municipal corporation) duly organized and existing pursuant to the laws of the State of Nebraska. The City is responsible wholly and/or in part for the promulgation, implementation, and/or enforcement of the policies, procedures, and practices and/or customs complained of herein implemented through its various agencies, agents, departments, and employees, and/or condoned, acquiesced in, adopted, and/or approved the same, through their acts and/or failure to act resulting in injury occasioned thereby. It is responsible for the conduct of the officers of the Omaha Police Department ("OPD") and for ensuring that those officers obey the laws of the State of Nebraska and the United States.

28.    An UNKNOWN NUMBER of UNNAMED OFFICERS (DOES) were at all time relevant to this Complaint duly appointed and acting as officers of the OPD, acting under color or law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of City, the State of Nebraska and/or the OPD.  Defendant DOES are being sued in their individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.  When and if the names of the unknown and unnamed Defendants are ascertained, Plaintiffs will seek to leave to amend this complaint to indicate their names and participation.

29.    Defendants Unidentified CITY Supervisors and OPD Officers (DOES) were, upon information and belief, at all times relevant herein, duly appointed and acting supervisory officers, servants, employees and agents of defendant CITY and/or OPD, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual DOE defendants are and were at all times relevant herein acting under color of state law in the course and scope of their employment and duties and functions as supervisory officers, agents, servants, and employees of defendant City, were acting for, and on behalf of, and with the power and authority vested in them by defendants City and OPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

30.    Defendant TIM DUNNING is the Douglas County Sheriff, and as such, is responsible for the conduct of the deputies in his employ and for ensuring that his deputies and agents obey the laws of the State of Nebraska and the United States.

Defendant DUNNING is being sued in his individual capacity, and is a person within the meaning of the Civil Rights Act, Title 42 of the United States Code, Section 1983.

31. Defendants Unidentified Douglas County Sheriff Office (DCSO) Supervisors and Sheriffs (DOES) were, upon information and belief, at all times relevant herein, duly appointed and acting supervisory officers, servants, employees and agents of defendant DCSO, responsible for the training, retention, supervision, discipline and control of police officers under their command. Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their employment and duties and functions as supervisory officers, agents, servants, and employees of defendant DCSO, were acting for, and on behalf of, and with the power and authority vested in them by defendants DCSO, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

32. At all times relevant herein, defendants CITY, OPD and/or DCS ("Municipal Defendants"), acting through individual defendants acting under color of state law and in concert with other individual defendants, had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein and the damages attendant thereto

33. At all times relevant herein, defendants CITY, OPD and/or DCSO ("Municipal Defendants"), acting through individual defendants acting under color of state law and in concert with other individuals, had de facto policies, practices, customs and usages of failing properly to train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their

need to train, screen, supervise or discipline said defendants which were a direct and proximate cause of the unconstitutional conduct alleged herein and the damages attendant thereto.

34.     City is ultimately responsible for its Departments, and assumes the risks incidental to the maintenance of its departments and their employees.

35.     Unconstitutional conduct alleged herein.

36.     Defendants MILLER and LOUX, were at all times relevant to this complaint, engaged in a joint venture, acting individually and in concert with a multi-jurisdictional White Collar Crime Task Force, hereinafter "Task Force". They are being sued individually for conspiracy with other Federal and State Actors under 42 U.S.C. § 1983 and as agents under "Bivens".

37.     At all times relevant to this Complaint, the individual law enforcement DOE Defendants were engaged in a joint venture. The individual defendants assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

38.     At all times relevant herein, Defendants acted maliciously, intentionally, knowingly, with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions with respect to the unconstitutional conduct alleged herein.

39.     The actions described herein were performed by various officials of DOUGLAS COUNTY pursuant to practices, customs, or standard operating procedures of DOUGLAS COUNTY, or were performed by or directed by those officials of DOUGLAS COUNTY pursuant to practices, customs, or standard operating procedures

of either DOUGLAS COUNTY, or were performed by or directed by those officials of

DOUGLAS COUNTY possessing final authority with respect to the direction of criminal

investigations and/or warrantless search and seizure procedures, and consequently those

Federal officials are subject to liability herein pursuant to the Civil Rights Act, Title 42 of

the United States Code, Section 1983.

### IV.

### FACTUAL ALLEGATIONS

40.     Plaintiffs repeat and re-alleges paragraphs 1 through 39 as if fully set forth

herein.

41.     At all times relevant to this complaint, DHS, by and through the Secret

Service, the OPS, DCSO, Douglas County and the individual defendants were engaged in

a joint venture, and/or were operating under the auspices of the multi-jurisdictional "Task

Force", that utilized officers of each respective governmental agency to coordinate and

conduct investigations of various individuals considered to be engaged in suspected

criminal activity, which included ongoing investigations into white collar crime in the

State of Nebraska and in the United States.

42.     Upon information and belief DCSO Deputy WILLIAM RINN is a

member of the Task Force.

43.     That Plaintiff, The Mehner Family Trust, owns the residence located at

1201 North 138th Circle in Douglas County in Omaha, Nebraska.

44.     That Plaintiffs, Mark, Andrea, and Anthony Mehner, resided within the

home and stored their personal possessions at the property owned by The Mehner Family

Trust.

45.     That on the February 23, 2007, the Honorable Thomas D. Thalken issued

an Amended Writ of Entry for the limited purpose of "conducting an inspection and

inventory of the Defendant real property and, as provided in 19 U.S.C. § 1606, to conduct

an appraisal."  (Amended Writ of Entry, Paragraph 3 attached hereto).

46.     That the Honorable Thomas D. Thalken did not issue a search warrant.

47.     That the plain view doctrine is inapplicable in this case because the items

were not immediately apparent as incriminating evidence and the officers did not have a

lawful right of access to the files or documents seized.  See Minnesota v. Dickerson, 508

U.S. 366, 113 S.C. 2130 (1993).

48.     That on February 26, 2007, a force of unknown number of law

enforcement personnel, including OPD police officers, county sheriff's officers, and

members of the Secret Service, forced their way into Plaintiff's home and maliciously,

and without probable cause, conducted an unlawful and warrantless search of Plaintiff's

home.  The Defendants' belief and/or suspicion that documents related to a separate and

distinct criminal investigation would be found in Plaintiff's home.

49.     The Defendants' beliefs or suspicions, as mentioned above, were not

based upon probable cause, that is, the state of the facts, in the mind of a Prosecutor,

and/or U.S. or State Government would not lead a man of ordinary caution and prudence

to believe, or entertain an honest or strong suspicion that Plaintiff's were involved in, or

assisting in any criminal activity.

50.     Defendants, had a duty to ascertain whether Defendants presented a

legitimate claim to pursue.  Said Defendants were required to ascertain the status and

absence of a lawful search warrant against Plaintiff's and whether there existed probable cause to search Plaintiff's home.

51.     All Defendants breached said duties by failing to make reasonable inquiries before initiating an unlawful search against Plaintiff's, in reckless disregard of the rights of Plaintiff's, displaying an unjustified and complete lack of supervision and control.

52.     As a direct result of Doe Defendants causing Plaintiff's to be subjected to an unlawful search and seizure, maliciously and without probable cause, Plaintiff's have suffered grievous loss and damage to Plaintiff's good name, reputation, and credit and Plaintiff's have suffered extreme mental anguish and physical discomfort.

53.     All Defendants were acting under color of law when they entered the residence of Plaintiffs and executed the Amended Writ of Entry.

54.     That, upon information and belief, while executing the Amended Writ of Entry, Defendants and Doe Defendants took photographs of the interior of the home, searched through file cabinets and file boxes, opened personal mail, viewed receipts, medications, bills for work on the premises, inspected legal documents and seized boxes of documents which Defendant MILLER characterized as "evidence"

55.     That none of these acts were contemplated in the Amended Writ of Entry.

56.     That Plaintiff's have made numerous requests for information related to the Amended Writ of Entry and numerous requests for return of their property.  Said requests have been denied.

57.     Defendant LOUX, in sworn suppression hearing testimony, denies anything "investigatory" took place at the premises and his role was relegated to creating a diagram of the interior.

58.     Defendant MILLER, in sworn suppression hearing testimony, advised he was physically gathering documents off the floor, out of boxes, off counters and tables, to identify if there was a name and if it "pertained to anything that Agent Loux would want to keep for organization or evidence."

59.     That, in so doing, Defendants exceeded the scope of the Amended Writ of Entry in clear violation of Plaintiffs' Fourth Amendment rights by searching through documents, taking pictures of documents and removing approximately three boxes of "evidence" from the premises.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, for, actual, special and compensatory damages totaling fifty million dollars ($50,000,000), and punitive damages to be determined at trial, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, their costs incurred herein and for such other relief deemed appropriate.

## V.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF PLAINTIFFS

### FOURTH AND FOURTEENTH AMENDMENT

### RIGHTS

60.     Plaintiffs incorporate paragraphs 1-59 as though fully set forth herein.

61.    That Defendants entered the residence based upon the Amended Writ of Entry issued by the Honorable Judge Thalken.

62.    That the Defendants did not have a search warrant authorizing anything other than an assessment of the value of the residence.

63.    That the plain view doctrine is inapplicable because the discovery of documents, files and mail were not immediately apparent as evidence in the criminal investigation and there was no warrant authorizing the search.

64.    That the Defendants exceeded the scope of their authority in the following particulars:

a.    By opening closed file boxes;

b.    By searching through the contents of those boxes;

c.    By photographing the contents of those boxes;

d.    By removing approximately 3 full boxes of files and documents from the Mehner residence;

e.    By photographing the Plaintiffs' personal mail;

f.    By not having an appraiser available to assess the value of the property;

g.    By not remaining within the scope of the Amended Writ of Entry.

65.    That as a direct and proximate result of the Defendants' illegal search and seizure, additional evidence was gathered that could be used against the Plaintiff in criminal proceedings in violation of his Fourth Amendment rights.

66.    That as a direct and proximate result of the Defendants' illegal search and seizure, Plaintiffs have been injured because items, in which they had an expectation of privacy, were taken without their consent.

67.    That Plaintiffs have suffered damages because of Defendants illegal search and seizure entitling them to compensatory and punitive damages, reasonable attorney's fees and costs incurred in pursuing this action.

68.    As a further direct result of Defendant's wrongful actions, Plaintiff was compelled to incur reasonable and necessary attorney fees in this action, to Plaintiff's damage.

69.    Because of Defendant's malicious actions and intent to injure Plaintiff's, Plaintiff's are entitled to exemplary damages.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, for, actual, special and compensatory damages totaling fifty million dollars ($50,000,000), and punitive damages to be determined at trial, and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, their costs incurred herein and for such other relief deemed appropriate.

## COUNT II

## VIOLATIONS OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS TO LIFE AND LIBERTY UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AGAINST INDIVIDUAL DEFENDANTS

70.    Plaintiff incorporates fully as if set forth herein each paragraph of this Complaint.

71.    Plaintiff has the Right to life and/or liberty which protects him from the arbitrary action of the government or its agents under the Fifth and Fourteenth Amendments of the U.S. Constitution.

72.    Defendants engaged in conduct so egregious as to shock the conscience thereby denying Plaintiff protection from arbitrary governmental conduct as follows:

a.    suppressed exculpatory evidence of Plaintiff's innocence;

b.    provided and/or caused false information and testimony to be given in support of the warrant against Plaintiff.;

c.    Suborned perjured testimony and made false representations to the Court during the Plaintiff's pre-trial proceedings and hearing upon Motions;

d.    engaged in improper contacts with the presiding judge in Plaintiff's criminal trial.

73.    As a result of the individual Defendants' unlawful conduct, Plaintiff has suffered mental pain and suffering, including stigma, humiliation, fright, emotional trauma and outrage.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, for, actual, special and compensatory damages in the amount of five million dollars ($5,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of five million dollars ($5,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III

## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS AGAINST
## INDIVIDUAL DEFENDANTS UNDER 42 USC §§ 1983 AND 1985(3)

74.    Plaintiff incorporates fully as if set forth herein each paragraph of this complaint.

75.     Defendants conspired to deprive Plaintiff of his well established protected

Constitutional Rights as enumerated in the preceding paragraphs of this complaint.

76.     Defendants illegally, maliciously and wrongfully conspired with one

another with the intent to and for the illegal purpose of depriving Plaintiff of his

Constitutional Rights.

77.     The results of this conspiracy resulted in the unlawful deprivation of

Plaintiff's Constitutional rights.

78.     The Defendants actions were aimed at depriving Plaintiff of his

constitutional rights and the equal protection of the laws, or of equal privileges and

immunities under the laws.

79.     As a result of the conspiracy and Defendants' unlawful acts, Plaintiff has

suffered mental pain and suffering, including stigma, humiliation, fright, emotional

trauma and outrage.

80.     Plaintiffs allege that the Defendants WELLMAN, SVOBODA,

STECHER, SHARP and DOE Defendants failed to act in a manner that guaranteed that

Defendants crimes were reported to the appropriate government agency or agencies that

existed at all times relevant herein.

81.     Plaintiffs allege that the Defendants WELLMAN, SVOBODA, STECHER

and SHARP and DOE Defendants conspired to conceal their acts of misprision of

defendants felonies by failing to disclose discovery, in their possession or control,

conclusive evidence of the warrantless and illegal search and seizure.

82.     Plaintiffs allege that up to and including the present, the Defendants
WELLMAN, SVOBODA, STECHER, SHARP and DOES continue to conceal
conclusive evidence of the warrantless and illegal search.

83.     Plaintiffs allege, upon information and belief, that up to and including the
present time, no federal agency has reported the commissions of Defendants' warrantless
and illegal search and seizure.

84.     Plaintiffs further allege that Defendants WELLMAN, SVOBODA,
STECHER, SHARP and DOES have demonstrated a tacit agreement or understanding or
conspiracy by not reporting the warrantless and illegal search in a manner, proscribed by
policy and law, that would precipitate a criminal investigation against Defendants LOUX,
MILLER and DOES and Defendants WELLMAN, SVOBODA, STECHER, SHARP and
DOES continue to withhold documentation from Plaintiffs so as to prevent the Plaintiffs
from verifying the individuals and circumstances surrounding the warrantless and illegal
search and seizure.

85.     Defendants are jointly and severally liable to Plaintiffs for all of their
injuries or damages.

WHEREFORE, Plaintiffs pray for Judgment against Defendants, for, actual,
special and compensatory damages in the amount of five million dollars ($5,000,000) and
further demands judgment against each of said Defendants, jointly and severally, for
punitive damages in the amount of five million dollars ($5,000,000), plus the costs of this
action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IV

## VIOLATIONS OF 42 U.S.C. 1983: DUE PROCESS VIOLAITONS AND WITHHOLDING OR CONCEALING EXCULPATORY INFORMATION BY DEFENDANT SVOBODA

86.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 85 above with the same force and effect as if herein set forth.

87.     At all times relevant herein, the conduct of all Defendants and Defendant SVOBODA, WELLMAN, STECHER and SHARP were subject to 42 U.S.C. sec. 1983.

88.     Acting under the color of law, Defendants, WELLMAN, SVOBODA, STECHER , SHARP and their employer, the Department of Justice by and through their actions, maliciously, willfully and wantonly and/or with reckless indifference, worked a denial of plaintiffs' rights, privileges and immunities secured by the United States Constitution or by Federal law, through the following acts and omissions:

   a.     giving false, incomplete or misleading information concerning the need to enter the Mehner residence for an appraisal to the Honorable Judge Thalken defendant SVOBODA knew or should have known was false;

   b.     neither Defendant WELLMAN,SVOBODA, STECHER nor SHARP reporting the warrantless search and seizure to their superiors;

   c.     each Defendant WELLMAN,SVOBODA, STECHER and SHARP failed to reveal to the Court or defense counsel that a warrantless search and seizure occurred as opposed to a Writ of Entry so the Court and/or defense counsel could properly determine what weight to give this, if any;

      d.      each Defendant WELLMAN, SVOBODA, STECHER and SHARP

withheld information obtained by the warrantless search and seizure,

including reports and Defendant SVOBODA failed to obtain an appraisal

and disclose upon what policy or directive she relied so that the Court or

defense counsel could properly determine what weight to give the results,

if any.

      89.     As a result of the above unlawful, willful, wanton and malicious acts and

omissions to violate due process rights of the plaintiffs and to hide exculpatory

information concerning the warrantless search and seizure under the guise of an

Amended Writ of Entry, Defendants SOVBODA, WELLMAN, STECHER and SHARP

deprived Plaintiff's of both their right to due process of law and Plaintiff Mark Mehner

his right to equal protection of the laws. Further, the due course of justice was impeded,

in violation of the Fifth and Fourteenth Amendments of the Constitution of the United

States and 42 U.S.C. sec. 1983.

      90.     As a direct proximate result of the acts, omissions of defendants,

individually and in a conspiracy with each other, proceedings were instituted and a

Federal forfeiture complaint was prosecuted against Plaintiffs that removed the residence

from their custody for more than one year; thereby causing plaintiffs to suffer severe

emotional distress, mental pain, anguish, humiliation and embarrassment from being

subjected to an unwarranted prosecution and attacks upon their character and from

financial hardship as a result of the forfeiture complaint;

      WHEREFORE, for the malicious conspiracy and individual actions of the Federal

Defendants to deny due process rights by hiding exculpatory information, Plaintiffs

demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT V

### GROSS NEGLIGENCE AGAINST INDIVIDUAL DEFENDANTS

91.     Plaintiff incorporates fully as if set forth herein each paragraph of this complaint.

92.     At all times relevant herein the conduct of all the Defendants as described throughout this complaint, constituted gross negligence, or conduct so reckless as to demonstrate a substantial lack of concern for whether an injury resulted, making each and every Defendant in this action liable to Plaintiff under law, notwithstanding the doctrine of a qualified governmental immunity.

93.     At all times relevant herein the conduct of all individual Defendants violated clearly established constitutional rights of the Plaintiffs as set forth in the Complaint.

94.     At all times relevant to herein, all individual Defendants conduct was patently unconstitutional as previously set forth in prior definitions of unconstitutional conduct.

95.     At all times relevant to this Complaint all individual defendants' conduct was not reasonable and was a result of improper motive, malice, reckless disregard, and/or intentional disregard of Plaintiff's Constitutional rights.

96.     At all times relevant herein, Defendants WELLMAN and SVOBODA were engaged in activities that were not closely connected to the prosecutor's role in judicial proceedings and their role as advocate in that the actions complained of involved investigative, advisory functions and/or involved instances where the Prosecutor(s) did not have authority to exercise discretion, to wit: refusing to produce exculpatory evidence.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal Defendants to deny due process rights by hiding exculpatory information, Plaintiffs demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT VI**

**42 USC § 1983 AGAINST DEFENDANT DOUGLAS COUNTY**

97.     Plaintiff incorporates as if fully set forth within, the preceding paragraphs of this Complaint.

98.     Prior to the actions complained of in this Complaint, the County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Douglas County which caused the violation of Plaintiff's Rights.

99.     It was the policy and/or custom of the County and/or their Departments to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City and County.

100.    It was the policy and/or custom of the County and/or its Departments to inadequately supervise and train their law enforcement officials, including the defendant officers, thereby failing to adequately discourage further Constitutional violations on the part of their officers. Defendants did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

101.    As a result of the above described policies and customs, its agents and employees and /or its departments, including its employees and the individual defendants employed by the County, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or punished, but would be tolerated.

102. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County, and/or its Departments to the constitutional rights of persons within the County, and were the cause of the violations of plaintiff's rights alleged in this complaint and the resulting aforementioned injuries.

103.    Prior to the actions complained of in this Complaint, the DCSO developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in Douglas County which caused the violation of Plaintiff's Rights.

104.    It was the policy and/or custom of the DCSO to inadequately and

improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City and County.

105.   It was the policy and/or custom of the County and/or its Sherriff, Defendant DUNNING to inadequately supervise and train their Sheriffs, including the Defendant DOES, thereby failing to adequately discourage further Constitutional violations on the part of their officers. Defendants did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

106.   As a result of the above described policies and customs, its agents and employees and /or its departments, including its employees and the individual defendants employed by the DCSO, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or punished, but would be tolerated.

107.   The above described policies and customs demonstrated a deliberate indifference on the part of Defendant DUNNING, a policymakers of the DCSO, to the constitutional rights of persons within the County, and were the cause of the violations of plaintiffs rights alleged in this complaint and the resulting aforementioned injuries.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal Defendants to deny due process rights by hiding exculpatory information, Plaintiffs demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VII

## NEGLIGENT SUPERVISION

108.    That the Plaintiff hereby incorporates by reference paragraphs 1 through107 above as though fully set forth herein.

109.    That the Defendants, Department of Justice, Department of Homeland Security, Douglas County Sherriff's Office, Douglas County, Omaha Police Department, WARREN and DUNNING and DOE Defendants, is required to supervise the actions of its employees. Defendants LOUX, MILLER and DOES are employees of Defendants.

110.    That the Defendants created an unreasonable risk of harm to the Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, Defendants LOUX, MILLER and DOES.

111.    That the defendants have caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against Defendants' for injuries, damages and losses caused by Defendants', conduct as set forth herein.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal Defendants to deny due process rights by hiding exculpatory information, Plaintiffs demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VIII

## NEGLIGENT TRAINING

112.    That the Plaintiff hereby incorporates by reference paragraphs 1 through 111 above as though fully set forth herein.

113.    That the Defendants, Department of Justice, Department of Homeland Security, Douglas County Sheriff's Office, Douglas County, Omaha Police Department, WARREN, DUNNING and DOE Defendants, is required to supervise the actions of its employees. Defendants LOUX,  MILLER and DOES are employees of Defendants.

114.    That the Defendants created an unreasonable risk of harm to the Plaintiff for failing to adequately train its employees Defendants LOUX, MILLER and DOES.

115.    That the Defendants caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and, the Plaintiff is entitled to recover against the Defendants, for the injuries, damages and losses caused by the defendant's conduct as set forth herein.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal Defendants to deny due process rights by hiding exculpatory information, Plaintiffs demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IX

### VIOLATION OF 42 U.S.C. §§ 1983, 1986

### REFUSING TO PREVENT UNLAWFUL SEARCH

116.    Plaintiffs repeat and re-allege paragraphs 1 through 115 as if fully set forth herein.

117.    At all times relevant to this Complaint, certain Doe Defendants, members of Omaha Police Department were acting under the direction and control of Defendant, City of Omaha ("Omaha").

118.    Acting under color of law and pursuant to official policy or custom Doe Defendants and Omaha knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from depriving Plaintiffs of their constitutional and statutory rights to be free from unreasonable searches and seizures, their privileges and immunities.

119.    Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and disciple on a continuing basis, should have had knowledge that the wrongs as heretofore alleged, that were committed or that were about to be committed.

120.    Doe Defendants and Omaha had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

121.    Doe defendants and Omaha directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police offers heretofore described.

122.    Defendants Omaha and OPD are liable under the doctrine of respondent superior.

123.    As a direct and proximate cause of the negligent and intentional acts of

Defendants as set forth above, Plaintiffs suffered mental anguish in connection with the

deprivation of their constitutional and statutory rights guaranteed by the Fourth and

Fourteenth Amendments of the Constitution of the United States protected by 42 U.S. C.

§ 1983.

WHEREFORE, Plaintiffs demand judgment for refusing or neglecting to prevent

against all the Defendants jointly and severally, for actual, general, special, compensatory

damages and further demands judgment against each of said Defendants, jointly and

severally, for five million dollars ($5,000,000.00), for punitive damages to be determined

at trial, plus the costs of this action, including attorney's fees, and such other relief

deemed to be just and equitable.

## COUNT X

### INVASION OF PROPERTY

124.    Plaintiffs repeat and re-allege paragraphs 1 through 123 as if fully set forth

herein.

125.    Defendants LOUX, MILLER and DOES wrongfully intruded into

Plaintiffs residence in a manner that would outrage a person of ordinary sensibilities and

cause such person shame, humiliation, and mental suffering.

126.    As a result of the foregoing, Plaintiffs have been damaged in excess of the

jurisdictional limits of all lower courts in which this action could otherwise have been

brought.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal

Defendants to deny due process rights by hiding exculpatory information, Plaintiffs

demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT XI

## INTENTIONNAL INFLICTION OF

## EMOTIONAL DISTRESS

127.    Plaintiffs repeat and re-allege paragraphs 1 through 126 as if fully set forth herein.

128.    Defendants MILLER, LOUX and DOES intentionally and deliberately inflicted emotional distress on Plaintiffs by maliciously abusing the lawful process by unlawful purpose, or by violating Constitutional rights, and/or by interfering with Plaintiffs state civil rights or knew or should have known that emotional distress was the likely result of their conduct.

129.    Because Plaintiff Trustee, an elderly man of 84 years old, and Successor Trustee, an elderly woman of 81 years old, Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

130.    Plaintiffs are reasonable people and the actions of the Defendants were the cause of Plaintiffs distress.

131.    The emotional distress sustained by Plaintiffs, in particular the Trustee and Successor Trustee, was severe and of a nature that no reasonable person could be expected to endure.

132.    As a result of the Defendant' extreme and outrageous conduct,

a.      Plaintiffs were caused to suffer mental anguish, anxiety and worry.

b.      Plaintiffs, particularly the Trustee and Successor Trustee, were, is and, with a high degree of likelihood, will and continue to suffer emotional distress.

133.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, for the malicious conspiracy and individual actions of the Federal Defendants to deny due process rights by hiding exculpatory information, Plaintiffs demand judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of one million dollars ($1,000,000) and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of one million dollars ($1,000,000), plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

Respectfully Submitted,

BY:     s/ Christopher A. Pfanstiel
        Christopher A. Pfanstiel, #21846
        LEWIS & PFANSTIEL, PC, LLO
        Mark Seventy Building
        6969 Grover, 1st Floor
        Omaha, NE 68106
        Tel: (402) 502-9999
        Fax: (402) 505-9896
        Email: chris@LandPlaw.com
        *Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **8:07CV79** |
| vs. ) | |
| ) | **AMENDED** |
| **LOTS 32 AND 33, LINDEN ESTATES, A** ) | **WRIT OF ENTRY** |
| **SUBDIVISION AS SURVEYED, PLATTED** ) | |
| **AND RECORDED IN DOUGLAS COUNTY,** ) | |
| **NEBRASKA, AND LOT 2, LINDEN ESTATES** ) | |
| **REPLAT 5, A SUBDIVISION, AS** ) | |
| **SURVEYED, PLATTED AND RECORDED,** ) | |
| **IN DOUGLAS COUNTY, NEBRASKA,** ) | |
| **LOCALLY KNOWN AS 1201 NORTH 138TH** ) | |
| **CIRCLE, AND 1225 NORTH 138TH CIRCLE,** ) | |
| **OMAHA, NEBRASKA;** ) | |
| **and** ) | |
| **ONE 2003 CADILLAC ESCALADE, VIN** ) | |
| **1GYEK63N93R253497,** ) | |
| ) | |
| **Defendants.** ) | |

NOW ON THIS 26th day of February, 2007, this matter comes on before the Court on the Plaintiff's Oral Motion for an Amended Writ of Entry. The Court, being duly advised in the premises, finds as follows:

1.    The United States has filed a Verified Complaint for Forfeiture against the following-described real property:

> Lots 32 and 33, Linden Estates, a subdivision as surveyed, platted and recorded in Douglas County, Nebraska, and Lot 2, Linden Estates Replat 5, a subdivision, as surveyed, platted and recorded, in Douglas County, Nebraska, locally known as 1201 North 138th Circle and 1225 North 138th Circle, Omaha, Nebraska, 68154.

2.    The United States has not requested authority to seize the Defendant real property at this time. Rather, the United States represents it will post notice of the Verified Complaint for Forfeiture on the Defendant real property and will serve notice of this action,

and a copy of the Verified Complaint, on the owner of the Defendant real property under 18 U.S.C. §§ 985(c)(1) and (3).

3.    The United States has requested the Court issue an Amended *Writ* of Entry as provided in 18 U.S.C. § 985(b)(2) and 18 U.S.C. § 983(j), authorizing it to enter the Defendant real property, including any structures, for the purpose of conducting an inspection and inventory of the Defendant real property and, as provided in 19 U.S.C. § 1606, to conduct an appraisal.

4.    The United States' Oral Motion for an Amended Writ of Entry should be ·sustained.

**IT IS ORDERED as follows:**

A.    The United States' Motion for Writ of Entry is hereby sustained.

B.    The United States Department of Homeland Security, or its designee, EG&G Technical Services, is hereby authorized:

1.    to enter the Defendant real property, including any structures, on one or more occasions during the pendency of this *in rem* forfeiture action, for the purpose of conducting an inspection, inventory and appraisal of the Defendant real property, and

2.    to be accompanied on any such occasion by any appraiser(s) selected by it for the purpose of appraising the condition and value of the Defendant real property, pursuant to 19 U.S.C. § 1606, which appraisal may include, among other means, still and video photography, and

3.    to be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory of the Defendant real property, which inspection and inventory may include, among other means, still and video photography, and

4.    to be accompanied on any such occasion by any federal, state and/or local law enforcement officers selected by it to ensure the safety of personnel acting under this Amended Writ of Entry.

C.    Any interference with anyone acting under the authority of this Amended Writ of Entry shall be deemed a violation of a Court order and may be punished as contempt,

2

as a violation of 18 U.S.C. § 2232, prohibiting the impairment of *in rem* jurisdiction, or otherwise as provided by law.

DATED this 26th day of February, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge