IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE MEHNER FAMILY TRUST, a Nebraska Revocable Trust, RAYMOND H. MEHNER, BARBARA A. MEHNER, MARK A. MEHNER, ANDREA L. MEHNER, ANTHONY Q. MEHNER  Plaintiffs, | ) ) ) ) ) ) ) ) ) | 4:10CV3009  FINDINGS, RECOMMENDATION AND ORDER |
| V. | ) ) | |
| DEPARTMENT OF HOMELAND SECURITY, et al.  Defendants. | ) ) ) ) ) | |

    This action was initiated by the plaintiffs on January 10, 2010, (filing no. 1). At that time, the plaintiffs were represented by counsel. Their counsel moved to withdraw from representation on June 15, 2010, (filing no. 20). The motion was granted and the individual plaintiffs were ordered to (1) retain substitute counsel and have that attorney file an appearance or (2) file a statement informing the court of their intent to proceed without counsel, (filing no. 22).[1] As to plaintiff Mehner Family Trust, the plaintiffs were informed that a trust cannot litigate in federal court without representation by licensed counsel and the trust was instructed to retain counsel or have its case subject to dismissal, (filing no. 22).

    After an extension to time to respond to the order authorizing withdrawal of counsel, the plaintiffs have responded by sending a document entitled "Motion for Leave to Amend" by email to the undersigned's chambers and by facsimile to the clerk of the court. The

---

[1] This was the second order issued on the matter. Plaintiffs' former counsel failed to send a copy of the initial order to the plaintiffs, necessitating the issuance of a second order which the clerk mailed directly to the plaintiffs.

certificate of service states "no notification of such filing has been sent to attorneys of record for Defendants . . . ." The plaintiffs' "Motion for Leave to Amend" states the plaintiffs intend to remove the Mehner Family Trust as a named plaintiff, but add Raymond H. Mehner in his capacity as the trustee of the Mehner Family Trust as a plaintiff. Apparently, the plaintiffs hope this will allow the trust to remain a plaintiff without the necessity of representation.

Liberally construed, the plaintiffs' "Motion for Leave to Amend" is interpreted as the plaintiffs' notice if their intent to proceed *pro se* in this matter, and for that purpose only, it has been filed as evidence by the court. See filing no. 28. However, the plaintiffs did not submit their proposed amended complaint for the court's consideration, (NECivR 15.1(a)); the "Motion for Leave to Amend" was not filed electronically; the original was not mailed to the clerk of the court; the document was not served on the defendants; and it is not considered a properly filed motion.

Even if the court filed and served the "Motion for Leave to Amend" on the plaintiffs' behalf, the motion would be denied. Removing the Mehner Family Trust as a named plaintiff, and replacing it with Mr. Raymond Mehner in his official capacity as trustee, does nothing to alleviate the requirement for a trust to be represented by licensed counsel in federal court. While a trustee is the proper person to seek relief through a lawsuit on behalf of the trust and its beneficiaries under Fed. R. Civ. P. 17(a), that does not mean a trustee may proceed on behalf of the trust and beneficiaries without licensed legal counsel. Rather, it only relieves each of the beneficiaries from having to personally join in a suit brought for their benefit as beneficiaries of the trust. The matter of whether a trustee may proceed in a suit, brought for the benefit of the a trust, without legal counsel is an entirely different issue. A trustee cannot act *pro se* on behalf of a trust. See Knoefler v. United Bank of Bismarck,

20 F.3d 347, 347-48 (8th Cir. 1994). A trust must be represented by a licensed attorney in federal court. Id.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge that:

1) The claims of the Mehner Family Trust be dismissed, and;

2) As to the remaining individual plaintiffs, the case be reassigned to the *pro se* docket.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

DATED this 12th day of October, 2010.

BY THE COURT:

*S/ Cheryl R. Zwart*
United States Magistrate Judge