IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREA L. MEHNER, | ) | 4:10CV3009 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Andrea Mehner's Motion to Set Aside Judgment (filing no. 51), which the court liberally construes as a Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1). For the reasons set forth below, Andrea Mehner's Motion is granted, but only as to her claims against Defendants.

**A.   Motion Considered as to Andrea Mehner**

Andrea Mehner filed her Motion for Relief From Judgment on behalf of herself and, purportedly, also on behalf of Raymond Mehner, Barbara Mehner, Mark Mehner, and Anthony Mehner. (Filing No. 51 at CM/ECF p. 1.) However, Andrea Mehner was the only Plaintiff to sign the Motion. As such, the court will only consider the Motion as to Andrea Mehner. *See* Rule 11 of the Federal Rules of Civil Procedure (requiring that every pleading be signed by the party filing it, or by that party's attorney); *see also Scarrella v. Midwest Federal Sav. And Loan*, 536 F.2d 1207, 1209 (8th Cir. 1976) ("Rule 11 of the Federal Rules of Civil Procedure requires that every pleading be signed by the party filing it, or by that party's attorney. Here the notice of appeal, which was purported to be on behalf of all appellants, was signed only by appellant Scarrella, who is not an attorney. Since appellants Bullock and Brisson did not sign the notice of appeal, their appeals must be dismissed.").

**B.     Motion Granted Based on Excusable Neglect**

Andrea Mehner's Motion asks the court to set aside its judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) because she did not receive notice of the court's April 26, 2011, Memorandum and Order, which required all Plaintiffs to file a signed notice of their intent to proceed pro se in this matter. Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect."

Here, the court has carefully reviewed Andrea Mehner's Motion and Defendants' Briefs in Opposition and finds that her Motion should be granted because the zip code listed in this court's records for Andrea Mehner was incorrect.[1] Accordingly, the court relieves Andrea Mehner of the court's June 1, 2011, judgment based on excusable neglect.

IT IS THEREFORE ORDERED that:

1.     Andrea Mehner's Motion to Set Aside Judgment (filing no. 51) is granted, but *only* as to her claims against Defendants.

2.     Defendants shall have 20 days from the date of this Memorandum and Order to answer or otherwise respond to Andrea Mehner's claims against them.

3.     The clerk's office is directed to reopen this matter, but *only* as to Plaintiff Andrea Mehner's claims against Defendants.

---

[1] The zip code listed in this court's records for Andrea Mehner was 68514. It appears from Andrea Mehner's filings that her zip code is actually 68154. (*See* Filing No. 51.) The court notes that the court's records have now been corrected.

4.      The clerks office is directed to set a pro se case management deadline in this case using the following text: September 6, 2011: Deadline for Defendants to answer or otherwise respond to Complaint.

DATED this 17th day of August, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.